UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---

Susan W. Hanger, **CV-01-1506 (RHK/RLE)**

Plaintiff,

vs.

Lake County, a political subdivision of the State of Minnesota, Wilma H. Clark, personally and individually, Clair A. Nelson. personally and individually, Sharon Hahn, personally and individually, Stanley Nelson, personally and individually, Derrick Goutermont, personally and individually, and Pamela Parkinson, personally and individually,

Defendants.

---

**Objections to Bill of Costs**

---

Susan W. Hanger objects to the Bill of Costs served by the Lake County defendants on the following grounds:

## I. The Lake County defendants seek to tax appellate expenses that are not properly taxed by this court.

The Bill of Costs filed by the Lake County defendants includes charges of $96.95 for copying and binding documents for use on appeal. These are expenses associated with the reproduction and binding of appellate briefs (See, Ebert Affidavit, ¶3, Exhibit B). These expenses are not allowable in this forum. These expenses are enumerated in Eighth Circuit Rule of Appellate Procedure 39A. That

rule requires the filing of a Bill of Costs with the Eighth Circuit clerk of court. The Lake County defendants did not file this Bill of Costs with the Eighth Circuit, but instead ask this court to allow costs that are not within this court's authority.

Rule 39A also requires the filing of a Bill of Costs be made within 10 days after the entry of judgment. Because the Lake County defendants did not file in the proper court, their request for taxation of appellate reproduction and binding costs is untimely.

The request to tax $96.95 in appellate expenses should be denied.

**II. The Lake County defendants seek recovery of expenses that are not properly associated with the summary judgment motion.**

Judge Kyle granted summary judgment to the Lake County defendants on December 31, 2002. Nevertheless, the Lake County defendants seek reimbursement of $35.38 in copying charges claimed to be necessary for use at the summary judgment motion heard in August, 2002. (See, Ebert Affidavit, ¶4, Exhibit C). This invoice actually includes a $24.15 charge for binding, but more importantly, is dated April 17, 2003. The Lake County defendants offer no explanation for how an invoice dated more than six months after the hearing on the motion for summary judgment is "relative to documentation for use at Motion for Summary Judgment." The timing of this invoice clearly indicates that it is related to appellate issues, not the motion for summary judgment. As noted above, the taxation of cost associated with appellate issues are properly directed to the clerk of court for the Eighth Circuit.

**III. The Lake County Defendants should not be allowed to tax costs for discovery depositions in this matter.**

The Lake County Defendants include charges of $1452.30 for depositions taken during the course of discovery. Of that amount, only $777.19 is attributable to the Hanger deposition. The remainder of the charges are for deposition of the Lake County defendants and Pamela Parkinson – all depositions noted and taken by the plaintiff.

Generally speaking, the prevailing party is not allowed to tax as costs the ordinary costs of pretrial discovery. *Bowman v. West Disinfecting Co.,* 25 F.R.D. 280 (E.D.N.Y. 1960). Depositions taken by the plaintiff that are not secured by the defendant for the purposes of bringing a Motion for Summary Judgment should be disallowed as costs. *Felts v. National Account Systems Association, Inc*., 83 F.R.D. 112 (N.D. Miss. 1979). The fact that Lake County Defendants chose to submit portions of those depositions in support of the Motion for Summary Judgment is irrelevant. Judge Kyle's opinion makes clear that he did not rely on that testimony in reaching his decision. Where the testimony of a witness does not affect the opinion of the court, the costs of obtaining those depositions is not recoverable. *Harris v. Twentieth Century-Fox Film Corporation* 139 F.2d 571 (2d Cir. 1943).

The Lake County defendants should not be allowed to tax the $675.11 representing the depositions of Pamela Parkinson and the Lake County defendants themselves.

## Conclusion

The Lake County defendants seek to tax costs of $1597.13. Of that amount, $132.33 represents appellate costs that are not taxable in this court. Another $675.11 are charges for ordinary discovery depositions not used by the court in deciding the merits of this matter. These charges should be deducted from the Bill of Costs requested by the Lake County defendants.

The Lake County defendants should be allowed taxable costs of $777.19 for the Hanger deposition and $12.50 in deposition fees – a total of $789.69.

Dated: March 7, 2005.

**Schneider Law Office**

**s/ Steven W. Schneider**
Steven W. Schneider #130795
*Attorney for Susan W. Hanger*
P.O. Box 16
Duluth, MN 55801-0016
218.391.4315
218.724.7841 (Fax)