UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---------------

CV-01-1506 (RHK/RLE)

Susan W. Hanger,

Plaintiff,

vs.

Lake County, a political subdivision Of the State of Minnesota, Wilma H. Clark, personally and individually, Clair A. Nelson, personally and individually, Sharon Hahn, personally and individually, Stanley Nelson, personally and individually, Derrick Goutermont, personally and individually, Pamela Parkinson, personally and individually,

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS**

Jury Trial Demanded

---------------

## I. INTRODUCTION

The Lake County Defendants respectfully submit this Memorandum of Law in Response to Plaintiff's Objection to the Bill of Costs filed by Defendants. The Lake County Defendants' Motion for Summary Judgment was granted by the Court, the Honorable Richard H. Kyle by Memorandum and Opinion Order dated December 31, 2002. Plaintiff's subsequent appeal to the 8th Circuit Court of Appeals was unsuccessful. As the prevailing party, the Lake County Defendants are entitled to recover their costs. Fed. R. Civ. P. 54 (d).

## II. DISCUSSION

The Lake County Defendants are entitled to tax as costs expenses that were incurred in conjunction with all of the depositions in this matter, not just those relating to the deposition of Plaintiff Susan Hanger. 28 U.S.C § 1920 (2) specifically authorizes the taxation of deposition expenses, including "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920 (2). The Federal District Court for the District of Minnesota has held that "Section 1920(2) allows taxation of court reporter fees for transcripts only upon a showing that such transcripts were 'necessarily obtained for use in the case.' The most direct evidence of 'necessity' is if the transcript was used in the court proceeding." Shimek v. Michael Weinig AG, 2003 W.L. 328038 (quoting Ryther v. KARE 11, 864 F. Supp. 1525, 1534 (D. Minn. 1994)).[1] Additionally, "[t]he costs of transcripts not used in the court proceeding, however, may nonetheless be taxable if the deposition appeared reasonably necessary to the parties when it was taken." Id.

In opposing the requested deposition expenses, Plaintiff attempts to liken the depositions of the individual Lake County Defendants, as well as Defendant Pamela Parkinson, to "ordinary costs of pretrial discovery" that are generally not allowed as taxable costs. See Plaintiff's Objection to Bill of Costs, p. 3 (citing Bowman v. West Disinfecting Co., 25 F.R.D. 280 (E.D.N.Y. 1960)). Additionally, Plaintiff cites a decision from the Northern District of Mississippi, Felts v. National Accounts System

---

[1] A copy of the decision is attached to the affidavit of Dyan J. Ebert and marked as Exhibit A.

Association, Inc., 83 F.R.D. 112 (N.D.Miss. 1979), in support of her contention that because the depositions in question were taken by the Plaintiff and not secured by the Lake County Defendants for bringing a Motion for Summary Judgment, they are not allowable costs. In addition to the fact that these cases are not decisions of the 8th Circuit or the District of Minnesota and, as such, their precedential quality is questionable, the decisions themselves do not justify a denial of the taxation of the deposition expenses in this case.

The depositions of the individual defendants were not just taken as pretrial discovery but were instead part and parcel to the ultimately successful summary judgment motion brought by Defendants. While it is true that Plaintiff noticed the depositions at issue, the testimony that developed during them was used by all parties in conjunction with the summary judgment motions. Simply put, the deposition transcripts of the individual defendants were clearly used in the court proceeding—they were submitted as exhibits to the summary judgment motion papers and cited and referred to by all parties throughout their written submissions and during oral argument. See Lake County Defendants' Memorandum of Law in Support of Motion for Summary Judgment; Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment; Defendant Pamela Parkinson's Memorandum of Law in Support of Motion for Summary Judgment; Lake County Defendants' Reply Memorandum of Law in Support of Motion for Summary Judgment (in court file). This fact alone belies any claim that the depositions were not used in connection with the summary judgment motion or are otherwise properly characterized as "ordinary pretrial discovery."

Further, in contrast to the current situation where *all* of the depositions are cited and relied upon by the parties in conjunction with the summary judgment motions, in Felts, the court noted that there was limited reliance on a mere three of twelve depositions in an argument in support of a motion for summary judgment, with a correspondingly limited number of page citations. It was because of such limited reliance that expenses associated with the depositions were not allowed as taxable costs. Felts, 83 F.R.D. at 112.

Plaintiff's contention that Judge Kyle's opinion granting the Lake County Defendants' Motion for Summary Judgment was not affected by the depositions is also without merit. See Plaintiff's Objection to Bill of Costs, p. 3 (citing Harris v. Twentieth Century – Fox Film Corp., 139 F.2d 571 (2nd Cir. 1943), for the proposition that where the testimony of a witness does not affect the opinion of the Court, the costs of obtaining those depositions are not recoverable). One need only look to Judge Kyle's Memorandum Opinion and Order to see that Plaintiff's assertions are incorrect. Judge Kyle cited and referenced the testimony of the individual Defendants. Further, while the Order ultimately dismisses Plaintiff's Complaint because it was not timely commenced before the expiration of the statute of limitations and based on the lack of evidence to substantiate a § 1985 claim, Defendants' motions and associated memoranda – as well as Plaintiff's responsive memorandum-- were not limited to such issues. Instead, Defendants' sought summary judgment on various theories, including the lack of substantive, evidentiary support for the claims advanced in the case, which unquestionably included references to the depositions of the individual Defendants. See

Lake County Defendants' Memorandum of Law in Support of Motion for Summary Judgment; Defendant Pamela Parkinson's Memorandum of Law in Support of Motion for Summary Judgment; Lake County Defendants' Reply Memorandum of Law in Support of Motion for Summary Judgment. Indeed, Plaintiff also referenced the depositions in opposing the motions. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment. As a result, the transcripts and the associated expenses were necessary and used in the court proceedings or, at the very least, were "reasonably necessary to the parties" when they were taken and are, accordingly, taxable.[2] See Shimek, 2003 W.L. 328038, at p. 3 (quoting Ryther v. KARE 11, 864 F. Supp. 1525, 1534 (D. Minn. 1994)).

[2] It should also be noted that, despite Plaintiff's contention to the contrary, the Harris decision does not actually *require* that the depositions affect the judge's decision in order for them to be taxable Instead, a review of the Harris decision confirms that even in the 2nd Circuit, reliance by the judge on the depositions in reaching the decision is but one way to justify taxation of deposition expenses. The Harris court also infers that the use of depositions in connection with the summary judgment motion is an additional basis upon which taxation of deposition expenses may be justified. See Harris, 179 F.2d at 572 ("The judgment refers to all the depositions, but the opinion of the District Court refers solely to the plaintiff's depositions, and there is nothing elsewhere in the record to indicate that the contents of the other depositions were in any way needed in connection with the motion for summary judgment, or in any manner affected the decision of the District Court.") Here, as noted above, the depositions at issue were used by all parties, as well as the court, relative to the summary judgment motions.

## III. CONCLUSION

For the foregoing reasons, the Lake County Defendants respectfully request that the Court disregard Plaintiff's Objection to Defendants' Bill of Costs and allow the costs as requested.

Dated: March 10, 2005

***s/ Dyan J. Ebert***

Dyan J. Ebert #0237966
Attorneys for Lake County Defendants
PO Box 1008
St. Cloud, MN 56302-1008
(320) 251-1414

274081